IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| STEPHEN KLEINSCHMIT,<br>              Plaintiff,<br>v.<br>UNIVERSITY OF ILLINOIS CHICAGO;<br>TIMOTHY L. KILLEEN, in his official<br>capacity as President of University of<br>Illinois System; and MARIE LYNN<br>MIRANDA, in her official capacity as<br>Chancellor of University,<br>              Defendants. | Case No. 1:25-cv-01400<br><br>Judge Elaine E. Bucklo<br><br>Magistrate Judge Jeannice Williams Appenteng |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff Stephen Kleinschmit ("Plaintiff"), a Caucasian male and former clinical associate professor at the University of Illinois Chicago, has sued The Board of Trustees of the University of Illinois (incorrectly named by Plaintiff as the University of Illinois Chicago[1]) (the "University"), Timothy L. Killeen, and Marie Lynn Miranda (collectively, "Defendants") for: (1) racial discrimination under 42 U.S.C. § 1981, (2) retaliation under 42 U.S.C. § 1981, and (3) racial discrimination under 42 U.S.C. § 1983. Plaintiff seeks both monetary damages and injunctive relief.

Plaintiff's claims should be dismissed with prejudice for multiple reasons. ***First***, Plaintiff lacks standing to obtain injunctive relief because the relief he seeks will not redress the alleged harm. ***Second***, under the Eleventh Amendment, Plaintiff cannot maintain an action against an arm of the State of Illinois in federal court. ***Third***, Defendants are not "persons" subject to suit within the meaning of § 1981 or § 1983. ***Fourth***, the Eleventh Amendment bars monetary damages against the individual Defendants because they are named in their official capacities as employees

---

[1] *See* 110 ILCS 305/1 (designating the Board of Trustees of the University of Illinois as the governing body of the University of Illinois system).

of the University. **Fifth**, Plaintiff's § 1981 claim for injunctive relief against the individual Defendants fails because Plaintiff does not allege any actual involvement by the individual Defendants in his adverse action.

## ALLEGED FACTS

The University employed Plaintiff as a clinical associate professor in the Department of Public Policy, Management, and Analytics at the University's College of Urban Planning and Public Affairs between August 16, 2017 and August 15, 2023. (Doc. # 1, ¶¶ 14, 98.) Plaintiff alleges the University engaged in discrimination by using race as a consideration in its hiring and funding programs for faculty members. (*Id.* at ¶¶ 2, 3, 37.) Plaintiff claims that, in or around February 2023, as part of the University's reorganization efforts following budget cuts, he was notified that his employment contract would not be renewed. (*Id.* at ¶¶ 100, 104–109.) As a result, his employment with the University ended on August 15, 2023. (*Id.* at ¶ 98.) Plaintiff alleges the University declined to renew his employment because he objected to its alleged discriminatory hiring programs. (*Id.* at ¶¶ 3, 97.) He also contends the non-renewal was based on the University's desire to further its alleged racially discriminatory goals. (*Id.* at ¶ 118.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "[L]egal conclusions and conclusory allegations merely reciting the elements of the claim," however, "are not entitled to this presumption" of truth. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *see also Ashcroft*, 556 U.S. at 678 (noting a complaint cannot simply tender "naked assertions devoid of factual enhancement") (citation omitted). In essence, federal pleading standards require plaintiffs

to "provid[e] some specific facts to ground . . . legal claims," and a complaint must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Brooks v. Ross*, 578 F. 3d 574, 581 (7th Cir. 2009); *Ashcroft*, 556 U.S. at 667.

Additionally, under Rule 12(b)(1), a party may assert "lack of subject-matter jurisdiction" by motion. Subject matter jurisdiction is "a fundamental limitation on the power of a federal court to act." *Pro. Serv. Indus., Inc. v. Dynamic Dev. Co., LLC*, No. 14-CV-06363, 2018 WL 3389705, at *3 (N.D. Ill. July 12, 2018) (quoting *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 980 (7th Cir. 2000)). Plaintiff bears the burden of establishing subject matter jurisdiction, which includes demonstrating standing. *Freeman v. MAM USA Corp.*, 528 F. Supp. 3d 849, 855 (N.D. Ill. 2021). Federal Rule of Civil Procedure 12(h)(3) mandates that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." (emphasis added). Likewise, if the plaintiff lacks standing, the federal court lacks subject matter jurisdiction and the suit must be dismissed under Rule 12(b)(1). *Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017).

## ARGUMENT

I. **The Court Should Dismiss the Claims Against the University.**

    A. **Plaintiff lacks standing to obtain the injunctive relief he seeks.**

Plaintiff lacks standing to obtain his requested injunctive relief. "Constitutional standing is a threshold jurisdictional issue that [courts] must resolve before reaching the merits of plaintiffs' claims." *Sullivan v. Liberty Mut. Ins. Co.*, 606 F. Supp. 3d 796, 800 (N.D. Ill. 2022) (citing *Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 639 (7th Cir. 2017)).

To establish a claim for injunctive relief, Plaintiff must sufficiently allege he (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Id.* (citing *Spokeo, Inc. v. Robins*, 578

U.S. 330, 338 (2016)). A plaintiff bears the burden of establishing each element and must establish standing separately for each form of relief sought. *Friends of the Earth, Inc. v. Laidlaw Env'l Servs., Inc.*, 528 U.S. 167, 185 (2000).

The third element, commonly referred to as "redressability," examines the causal connection between the alleged injury and judicial relief requested. *McDaniel v. Bd. of Educ. of City of Chi.*, 956 F. Supp. 2d 887, 892 (N.D. Ill. 2013). Where the relief sought does not remedy the injury sustained, the plaintiff lacks standing. *Swan v. Bd. of Educ. of City of Chi.*, 956 F. Supp. 2d 913, 918 (N.D. Ill. 2013). "[T]he inquiry focuses on whether it is likely, not just speculative, that the alleged harm will be redressed by a favorable decision." *Chi. Teachers Union v. DeVos*, 468 F. Supp. 3d 974, 983 (N.D. Ill. 2020).

In *Feit v. Ward*, a former employee filed suit against his supervisors after his discharge, alleging he was terminated in violation of his First Amendment rights. 886 F.2d 848, 849 (7th Cir. 1989). The plaintiff sought an injunction barring the defendants from "disciplining and/or discharging employees for exercising their First Amendment rights." *Id.* at 856. In affirming the district court's decision, the Seventh Circuit held that because the plaintiff was no longer an employee, he was "no longer affected by the defendants' actions." *Id.* at 857. The court noted that the plaintiff "[did] not seek reinstatement to his former position." *Id.* Thus, even if the court were to grant the relief he requested, he would not benefit from such relief. *Id.* As such, the court held the plaintiff lacked standing to obtain injunctive relief and affirmed dismissal of the suit. *Id.* at 857–58.

Similar to *Feit*, Plaintiff's requested injunctive relief would not redress his claimed injury. Plaintiff does not ask this Court to restore his employment with the University. Instead, Plaintiff asks this Court to enjoin the violations alleged in his Complaint on a moving-forward basis. (Doc.

# 1 at prayer for relief.) Specifically, he seeks an order declaring that the University's allegedly "racially discriminatory hiring programs" are unlawful and enjoining such programs going forward. (*Id.* at prayer for relief.) Yet, Plaintiff's employment at the University ended in 2023. (*Id.* at ¶ 98.) Thus, he seeks prospective injunctive relief despite no longer being associated with the University. As such, the relief Plaintiff seeks will not redress the harm alleged and Plaintiff lacks standing to obtain such injunctive relief. The Court should dismiss his claims against the University under Rule 12(b)(1).

**B.    The University is immune under the Eleventh Amendment.**

Even if Plaintiff has standing to seek injunctive relief (which he does not), Plaintiff's claims are barred by the Eleventh Amendment and should be dismissed under Fed. R. Civ. P. 12(b)(6).

The Eleventh Amendment mandates that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. As such, the Eleventh Amendment "bars actions in federal court against a state, state agencies, or state officials acting in their official capacities." *Ind. Prot. & Advoc. Servs. v. Ind. Family & Social Servs. Admin.*, 603 F.3d 365, 370 (7th Cir. 2010) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). This protection extends to state universities and applies regardless of the form of relief sought. *Kroll v. Bd. of Trs. of the Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991).[2]

Plaintiff's claims against the University are plainly barred by the Eleventh Amendment, as the University is a body public and corporate of the State of Illinois. *Id.* at 908. Although limited exceptions to this immunity exist, Plaintiff has not and cannot plead any. *See Council 31 of*

---

[2] Although Plaintiff's Complaint seeks monetary damages and equitable relief, the University's immunity remains intact. *See Rittenhouse v. Bd. of Trs. of S. Ill. Univ.*, 628 F. Supp. 2d 887, 893 (S.D. Ill. 2008) (noting state agencies are not subject to suit for injunctive relief in federal court).

*AFSCME v. Quinn*, 680 F.3d 875, 882 (7th Cir. 2012) (noting exceptions for (1) a state consenting to suit; (2) Congress abrogating immunity in the drafting of a federal law; and (3) a suit against individual state officials for prospective relief to enjoin ongoing violations of federal law). Thus, the Court should dismiss the University with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

        **C.    The University is not a "person" and not a proper party for a § 1981 or § 1983 action.**

The Court should also dismiss the University under Rule 12(b)(6) because the University is not a "person" within the meaning of § 1981 or § 1983. Rather, the University is an alter ego of the state.

Section 1981 provides that all "persons" within the United States have the same right "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws . . . ." 42 U.S.C. § 1981(a). Similarly, Section 1983 creates a cause of action for "persons" deprived of any civil right by someone acting under color of state law, including the rights guaranteed by § 1981. *De v. City of Chi.*, 912 F. Supp. 2d 709, 726 (N.D. Ill. 2012).

However, a state is not a "person" against whom § 1981 or § 1983 claims may be asserted. *Lapides v. Bd. of Regents of Univ. Sys.*, 535 U.S. 613, 617 (2002); *Obazuaye v. Dep't of Hum. Servs.*, No. 19 C 04933, 2020 WL 4704765, at *4 (N.D. Ill. Aug. 13, 2020). Because a state university is an alter ego of the state, and a state is not a person under § 1981 or § 1983, it is therefore not subject to suits brought under § 1981 or § 1983. *Obazuaye*, 2021 WL 3290807, at *2; *Carmody v. Bd. of Trs. of Univ. of Ill.*, 893 F.3d 397, 403 (7th Cir. 2018). Thus, the Court should dismiss Plaintiff's claims against the University with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## II. The Court Should Dismiss Plaintiff's Claims Against the Individual Defendants.

### A. The individual Defendants are not "persons" and are not proper parties for a § 1981 or § 1983 action.

The individual Defendants are not proper parties for actions under Sections 1981 or 1983 because they are named solely in their official capacities as employees of the University.

As stated above with respect to Plaintiff's claims against the University, a state is not a "person" under § 1981 or § 1983 and therefore is not subject to suit under either statute. *Lapides*, 535 U.S. at 617; *Carmody*, 893 F.3d at 403. The same reasoning extends to University officials, like President Killeen and Chancellor Miranda, who are named in this suit in their official capacities. *See Levenstein v. Salafsky*, 414 F.3d 767, 772 (7th Cir. 2005) ("As officials of the University of Illinois, which is functionally the State of Illinois for purposes of § 1983, the defendants were not 'persons' who could be sued in their official capacity for damages."). Therefore, Plaintiff cannot satisfy the threshold requirement of suing a "person," and the Court should dismiss his § 1981 and § 1983 claims against the individual Defendants with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

### B. The individual Defendants are immune under the Eleventh Amendment.

As with Plaintiff's claims against the University, the Eleventh Amendment bars Plaintiff's claims for monetary damages against the individual Defendants because they are named in their official capacities as employees of the University.

Actions for monetary damages against state employees sued in their official capacities are barred by the Eleventh Amendment. *Mary Jane Sweet Spot, LLC v. City of Blue Island*, 1:22-CV-06273, 2024 WL 1363635, at *1 n.1 (N.D. Ill. Mar. 29, 2024); *Sharma v. Bd. of Trs. of Univ. of Ill.*, 404 F. Supp. 3d 1183, 1200 (N.D. Ill. 2019); *see also MSA Realty Corp. v. State of Ill.*, 990 F.2d 288, 291 (7th Cir. 1993) ("The [E]leventh [A]mendment bar extends to suits for money

damages against state officials sued in their official capacities, because a judgment against a public official in his official capacity imposes liability on the entity that he represents.") (internal citation and quotation marks omitted).

Plaintiff's claims for monetary damages against the individual Defendants must be dismissed because he has sued them solely in their official capacities. Indeed, Plaintiff alleges claims against Defendant Killeen in his "official capacity" as "President of the University of Illinois System" (Doc. # 1, ¶ 12) and Defendant Miranda in her "official capacity" as "Chancellor of the University of Illinois Chicago" (*Id.* at ¶ 13). Thus, these claims are barred by the Eleventh Amendment and the Court should dismiss the claims against the individual Defendants with prejudice pursuant to Rule 12(b)(6).

  **C.**   **The Court should dismiss the individual Defendants from the § 1981 claims because they were not involved in Plaintiff's non-renewal.**

Plaintiff's § 1981 claims against the individual Defendants must be dismissed to the extent they seek injunctive relief because Plaintiff fails to allege the individual Defendants directly participated in the decision not to renew Plaintiff's employment contract with the University.

Claims under § 1981 are limited in scope to discrimination on the grounds of race in "the mak[ing] and enforc[ing] of contracts." 42 U.S.C. § 1981(a). In the employment context, an individual may be held liable under Section 1981 "only if the individual was involved in the decision to take the adverse employment action." *Hosick v. Chi. State Univ. Bd. of Trs.*, 924 F. Supp. 2d 956, 973 n.7 (N.D. Ill. 2013); *see also Alexander v. Wisc. Dep't of Health & Family Servs.*, 263 F.3d 673, 683–84 (7th Cir. 2001) (affirming summary judgment on § 1981 claims because plaintiff "provid[ed] no facts indicating that [defendants] were involved in any capacity with the decision to suspend [plaintiff]"); *Togba v. Cnty. of Cook*, 48 F.Supp.2d 1104, 1112 (N.D.

Ill. 1999) ("Individual liability under § 1981 can be found only where the individual himself has participated in the alleged discrimination against the plaintiff.").

Here, Plaintiff alleges his employment at the University was terminated on August 15, 2023 as a result of his objection to the University's "racial hiring programs" and "descent into institutional activism." (Doc. # 1, ¶¶ 97–98.) However, Plaintiff's Complaint is entirely devoid of factual allegations that either of the individual Defendants participated in the decision-making process relating to his non-renewal. In fact, the Complaint does not reference President Killeen or Chancellor Miranda in relation to Plaintiff's employment whatsoever. Thus, the Court should dismiss Plaintiff's § 1981 claims against the individual Defendants with prejudice.

### D. Plaintiff lacks standing to obtain the injunctive relief he seeks in his § 1983 claim.

To the extent Plaintiff seeks injunctive relief against the individual Defendants, his § 1983 claim fails because Plaintiff lacks standing to obtain such relief.

As discussed above, to demonstrate standing, Plaintiff must show that (1) he suffered a concrete and particularized injury that is either actual or imminent; (2) the injury is fairly traceable to the defendant; and (3) a favorable decision will likely redress the injury. *Milwaukee Police Ass'n*, 863 F.3d at 639 (citation and internal quotation marks omitted).

As with the University, Plaintiff's claim for injunctive relief against the individual Defendants fails because his requested relief seeks to remedy an alleged injury he previously sustained. Plaintiff does not ask this Court to restore his position as a clinical associate professor at the University. Rather, he asks the Court for an order declaring the University's allegedly "racially discriminatory hiring programs" unlawful and enjoining such programs in the future. (Doc. # 1 at prayer for relief.) Since Plaintiff is no longer employed by or affiliated with the

University, the relief he seeks is prospective in nature and would not redress any personal harm he allegedly faced. Accordingly, Plaintiff lacks standing to obtain such injunctive relief.

## CONCLUSION

For the foregoing reasons, Defendants, The Board of Trustees of the University of Illinois (incorrectly named as University of Illinois Chicago), Timothy L. Killeen, and Marie Lynn Miranda, respectfully request this Court dismiss Plaintiff's Complaint in its entirety with prejudice and grant them such further relief as this Court deems just.

| | |
|---|---|
| Dated: May 6, 2025 | Respectfully submitted, |
| | THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, TIMOTHY L. KILLEEN, AND MARIE LYNN MIRANDA |
| | By: /s/ *Alexander L. Reich* <br> One of their attorneys |

William T. "Toby" Eveland (toby.eveland@saul.com)
Alexander L. Reich (alexander.reich@saul.com)
Saul Ewing LLP
161 North Clark Street, Suite 4200
Chicago, Illinois 60601
(312) 876-7100

-11-

## **CERTIFICATE OF SERVICE**

      The undersigned attorney certifies that on May 6, 2025, he caused the foregoing to be filed electronically with the Clerk of the U.S. District Court, using the Court's CM/ECF system, which sent electronic notification to all parties who have appeared and are registered as CM/ECF participants in this matter.

                                              /s/  *Alexander L. Reich*