```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION


Stephen Kleinschmit,            )
                                )
        Plaintiff,              )
                                )
                                )
     v.                         )    No. 25 C 1400
                                )
                                )
Board  of  Trustees  of   the   )
University  of  Illinois,  et   )
al.,                            )
                                )
        Defendants.
```

Order

The Second Amended Complaint in this case alleges that Stephen Kleinschmit—a white man—lost his job as a clinical associate professor at the University of Illinois Chicago ("UIC") "because he had the wrong-colored skin" and because he spoke out against the University's allegedly discriminatory race-based hiring and retention policies. SAC at ¶¶ 6, 102. He claims that despite his "exemplary performance" reflected in consistently positive reviews, merit-driven bonuses, and an early promotion in his six years of employment, *id*., at ¶¶ 18-19, the University declined to renew his contract in August of 2023. The stated reason for his non-renewal was budget cuts; but Kleinschmit claims that the real reason was the University's discrimination against white males and its desire to punish him for speaking out against it.

Mr. Kleinschmit claims race discrimination in violation of 42 U.S.C. § 1981, 42 U.S.C. § 1983, and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq. He also asserts a claim for retaliation in violation of § 1983. Mr. Kleinschmit seeks both damages and injunctive relief against the Board of Trustees of the University of Illinois and numerous individuals, all of whom he explicitly sues in their official capacities: Timothy L. Killeen, as President of the University of Illinois System; Marie Lynn Miranda, as Chancellor of the University of Illinois Chicago; Stacey Swearingen-White, as Dean of the University of Illinois Chicago College of Urban Planning and Public Affairs; Caryn Bills, as Associate Chancellor for University of Illinois Chicago's Office for Access and Equity; and Karen Colley, as University of Illinois Chicago's Provost and Vice Chancellor for Academic Affairs. Defendants move to dismiss the complaint in its entirety. For the reasons below, the motion is granted in part.

First, as a former UIC employee who does not seek reinstatement or otherwise express a desire to return to work at UIC, Mr. Kleinschmit lacks standing to pursue an injunction against the policies and practices he opposes. Indeed, one of the principal authorities Mr. Kleinschmit cites, *Walsh v. Nevada Dep't of Hum. Res.*, 471 F.3d 1033 (9th Cir. 2006), stands for this very proposition. *Id*. at 1037 (former state employee lacked standing to pursue injunctive relief because she "would not stand to benefit

2

from an injunction requiring the anti-discriminatory policies she requests at her former place of work."). Nor does Mr. Kleinschmit gain traction from *City of Los Angeles v. Lyons*, 461 U.S. 95, 109, 103 S. Ct. 1660, 1669, 75 L. Ed. 2d 675 (1983), which similarly held that the plaintiff lacked standing to pursue an injunction absent plausible allegations "that he will again experience injury as the result of that practice even if continued." Mr. Kleinschmit's third and final authority, *Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 639 (7th Cir. 2017), concerned the plaintiff's "associational standing" and does not support Mr. Kleinschmit's standing to seek injunctive relief.

Mr. Kleinschmit's damages claims under §§ 1981 and 1983 face a different hurdle: Eleventh Amendment immunity. With limited exceptions that do not apply to these claims,[1] the Eleventh Amendment bars suits for damages in federal court against states and their agencies. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984) ("[t]he Eleventh Amendment bars a suit against state

---

[1] "There are two well-established exceptions to the rule of state sovereign immunity: (1) a state may waive the protections of the Eleventh Amendment and thereby consent to suit in federal court, or (2) Congress may use its enforcement powers under the Fourteenth Amendment to abrogate the states' Eleventh Amendment immunity." *Miraki v. Chicago State Univ.*, 259 F. Supp. 2d 727, 730 (N.D. Ill. 2003) (citing *Kroll* 934 F.2d at 907).

officials when the state is the real, substantial party in interest.") (citation and internal quotation marks omitted). This includes claims under § 1983 and § 1981. *Kroll v. Bd. of Trs. of Univ. of Illinois*, 934 F.2d 904, 907 (7th Cir. 1991) (dismissing § 1983 claim as barred by the Eleventh Amendment); *Rucker v. Higher Educ. Aids Bd.*, 669 F.2d 1179, 1184 (7th Cir. 1982) (barring claims under §§ 1981, 1983, and 1985 on the ground that the defendant "is a state agency. As such, it is immune from federal damages liability by virtue of the Eleventh Amendment."). Mr. Kleinschmit insists that his claims can proceed under *Ex parte Young,* 209 U.S. 123 (1908), which "allows private parties to sue individual state officials for prospective relief to enjoin ongoing violations of federal law." *Council 31 of the Am. Fed'n of State, Cnty. & Mun. Emps., AFL-CIO v. Quinn*, 680 F.3d 875, 882 (7th Cir. 2012). But Mr. Kleinschmit lacks standing to pursue prospective relief as explained above, and *Ex parte Young* does not avail him with respect to his damages claims for past harm.

Mr. Kleinschmit observes correctly that in *Kilborn v. Amiridis*, 131 F.4th 550, 565 (7th Cir. 2025), the Seventh Circuit reversed dismissal of a UIC law professor's § 1983 claim for First Amendment retaliation. Unlike Mr. Kleinschmit, however, the *Kilborn* plaintiff asserted § 1983 claims against individually-named defendants in their *individual* capacities, as well as claims seeking prospective injunctive against these defendants in their *official* capacities.

4

Because the Eleventh Amendment does not bar either of these types of claim, the *Kilborn* court had no occasion to address sovereign immunity.

It bears recalling that "[o]fficial-capacity suits...are deemed to be against the entity of which an officer is an agent." *Kroll* 934 F.2d at 907-08 (citations and internal quotation marks omitted). "Accordingly, official-capacity suits for retrospective relief—i.e., money damages payable from the state treasury—generally implicate the eleventh amendment in the absence of a waiver by the state or a valid congressional override." *Id*. (citing *Quern v. Jordan,* 440 U.S. 332 (1979)). Because Mr. Kleinschmit's §§ 1981 and 1983 claims seek money damages from state coffers, they are foreclosed by *Kroll* and *Rucker*, notwithstanding anything the Seventh Circuit decided in *Kilborn*.

This leaves only Mr. Kleinschmit's discrimination claim under Title VI, which prohibits discrimination by recipients of federal funding. Defendants do not argue that the Eleventh Amendment bar applies to this claim in view of 42 U.S.C.A. § 2000d-7, which provides:

> A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973, title IX of the Education Amendments of 1972, the Age Discrimination Act of 1975, *title VI of the Civil Rights Act of 1964*, or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance.

42 U.S.C.A. § 2000d-7 (emphasis added). Whether this provision is better construed as a state waiver of sovereignty or congressional abrogation of immunity, *see Miraki v. Chicago State Univ.*, 259 F. Supp. 2d 727, 730 (N.D. Ill. 2003), the result is the same: the Eleventh Amendment does not bar the Title VI claim asserted here.

Defendants urge me to dismiss this claim on the ground that it is inadequately pled, but much of their argument is framed in terms of what Mr. Kleinschmit's "evidence" must "establish" under the "direct method" or "indirect method." *See* Defs.' Mem., ECF 27 at 7-9. That is the language of summary judgment; it does not suggest a basis for dismissal on the pleadings. All Mr. Kleinschmit must do at this juncture is "give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). That he has done: He alleges that in an overzealous pursuit of "social justice and racial equity," SAC at ¶ 132, examples of which he details throughout his complaint, UIC discriminated against him by failing to renew his contract.

Defendants argue that Mr. Kleinschmit's allegations are insufficiently detailed, complaining that although he "vaguely alleges that another non-tenure-track faculty member, an Asian woman, was selected for contact renewal, he does not specifically allege any comparators that are sufficiently similar to Plaintiff." Defs.' Mem., ECF 27 at 9. *See also* Reply, ECF 32 at 5-6 (arguing

6

that plaintiff's claim is "speculative" because he "alleges no facts showing that this other faculty member had the same position, qualifications, or circumstances.") But Rule 8 does not require a plaintiff to allege every element of his prima facie case. "That something must be proved (if plaintiff is to win) does not imply that it must be alleged in the complaint." *Thomas v. JBS Green Bay, Inc.*, 120 F.4th 1335, 1338 (7th Cir. 2024). Defendants' suggestion that Mr. Kleinschmit's Title VI claim must be dismissed because he fails to plead sufficient details about alleged comparators flies in the face of *Thomas*. *See id.* ("Lists of things that plaintiffs need to prove concern *evidence* (at summary judgment and trial); they must not be treated as demands for longer and more detailed pleadings.") (citing *Swierkiewicz v. Sorema* N.A., 534 U.S. 506 (2002)).

For the foregoing reasons, defendants' motion is granted in part. Mr. Kleinschmit's claims under §§ 1981 and 1983 are dismissed, as is his request for injunctive relief. He may proceed, however, on his claim for damages under Title VI.

ENTER ORDER:

**Elaine E. Bucklo**
United States District Judge

Dated: December 17, 2025